1  CHARLES V. BERWANGER  (SBN:  047282)
   cberwanger@grsm.com
2  ANDREA K. SCRIPPS  (SBN:  235375)
   ascripps@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   101 W. Broadway, Suite 2000
4  San Diego, CA 92101
   Telephone:  (619) 230-7784
5  Facsimile:  (619) 696-7124

6  Attorneys for Plaintiffs
   NICOLE UHLIG AND MICHELLE STOLDT, AS TRUSTEES OF (1) THE
7  SURVIVOR'S TRUST ESTABLISHED UNDER THE WOLFGANG AND
   ELKE UHLIG REVOCABLE LIVING TRUST U/A/D APRIL 16, 1998; (2)
8  THE MARITAL GST NON-EXEMPT TRUST ESTABLISHED UNDER THE
   WOLFGANG AND ELKE UHLIG REVOCABLE LIVING TRUST U/A/D
9  APRIL 16, 1998, AS AMENDED; (3) THE MARITAL GST EXEMPT TRUST
   ESTABLISHED UNDER THE WOLFGANG AND ELKE UHLIG
10 REVOCABLE LIVING TRUST U/A/D APRIL 16, 1998, AS AMENDED; AND
   (4) THE BYPASS TRUST ESTABLISHED UNDER THE WOLFGANG AND
11 ELKE UHLIG REVOCABLE LIVING TRUST U/A/D APRIL 16, 1998, AS
   AMENDED
12
13                    UNITED STATES DISTRICT COURT
14                 SOUTHERN DISTRICT OF CALIFORNIA

15 NICOLE UHLIG AND MICHELLE          ) CASE NO.  '20 CV 0887 DMS MSB
   STOLDT, AS TRUSTEES OF (1) THE     )
16 SURVIVOR'S TRUST ESTABLISHED       ) COMPLAINT FOR
   UNDER THE WOLFGANG AND ELKE        ) (1) BREACH OF CONTRACT
17 UHLIG REVOCABLE LIVING TRUST       ) (SPECIFIC
   U/A/D APRIL 16, 1998; (2) THE MARITAL ) PERFORMANCE);
18 GST NON-EXEMPT TRUST               ) (2) BREACH OF CONTRACT
   ESTABLISHED UNDER THE              ) (IN THE ALTERNATIVE,
19 WOLFGANG AND ELKE UHLIG            ) DAMAGES); AND
   REVOCABLE LIVING TRUST U/A/D       ) (3) FRAUD
20 APRIL 16, 1998, AS AMENDED; (3) THE )
   MARITAL GST EXEMPT TRUST           )
21 ESTABLISHED UNDER THE              ) JURY TRIAL IS DEMANDED
   WOLFGANG AND ELKE UHLIG            )
22 REVOCABLE LIVING TRUST U/A/D       )
   APRIL 16, 1998, AS AMENDED; AND (4) )
23 THE BYPASS TRUST ESTABLISHED       )
   UNDER THE WOLFGANG AND ELKE        )
24 UHLIG REVOCABLE LIVING TRUST       )
   U/A/D APRIL 16, 1998, AS AMENDED,  )
25                                    )
                 Plaintiffs,          )
26                                    )
   vs.                                )
27                                    )
   FAIRN & SWANSON HOLDINGS, INC. a   )
28 Delaware Corporation; LEON FALIC, an )

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1 | individual; SIMON FALIC, an individual;     )
2 | JEROME FALIC, an individual; and DOES 1 )
  | through 20, inclusive,                      )
  |                                             )
3 |                     Defendants.             )
  | _____ )

4

5      Plaintiffs, NICOLE UHLIG AND MICHELLE STOLDT, AS TRUSTEES

6  OF (1) THE SURVIVOR'S TRUST ESTABLISHED UNDER THE WOLFGANG

7  AND ELKE UHLIG REVOCABLE LIVING TRUST U/A/D APRIL 16, 1998; (2)

8  THE MARITAL GST NON-EXEMPT TRUST ESTABLISHED UNDER THE

9  WOLFGANG AND ELKE UHLIG REVOCABLE LIVING TRUST U/A/D

10 APRIL 16, 1998, AS AMENDED; (3) THE MARITAL GST EXEMPT TRUST

11 ESTABLISHED UNDER THE WOLFGANG AND ELKE UHLIG REVOCABLE

12 LIVING TRUST U/A/D APRIL 16, 1998, AS AMENDED; AND (4) THE

13 BYPASS TRUST ESTABLISHED UNDER THE WOLFGANG AND ELKE

14 UHLIG REVOCABLE LIVING TRUST U/A/D APRIL 16, 1998, AS

15 AMENDED, by and through their attorneys of record allege and pray as follows:

16                                  **I.**

17    **GENERAL ALLEGATIONS, JURISDICTION, PARTIES, AND VENUE**

18      1.    Jurisdiction herein is based upon the diversity of the parties as

19 provided by 28 USC section 1332.  The domiciles of the parties are as follows:

20           a.    Plaintiffs, NICOLE UHLIG AND MICHELLE STOLDT, AS

21      TRUSTEES OF (1) THE SURVIVOR'S TRUST ESTABLISHED UNDER

22      THE WOLFGANG AND ELKE UHLIG REVOCABLE LIVING TRUST

23      U/A/D APRIL 16, 1998; (2) THE MARITAL GST NON-EXEMPT TRUST

24      ESTABLISHED UNDER THE WOLFGANG AND ELKE UHLIG

25      REVOCABLE LIVING TRUST U/A/D APRIL 16, 1998, AS AMENDED;

26      (3) THE MARITAL GST EXEMPT TRUST ESTABLISHED UNDER THE

27      WOLFGANG AND ELKE UHLIG REVOCABLE LIVING TRUST U/A/D

28      APRIL 16, 1998, AS AMENDED; AND (4) THE BYPASS TRUST

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-2-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1    ESTABLISHED UNDER THE WOLFGANG AND ELKE UHLIG

2    REVOCABLE LIVING TRUST U/A/D APRIL 16, 1998, AS AMENDED,

3    bring this proceeding in their capacities as trustees of the identified trusts

4    here from the caption. The trustees are domiciled in California.

5        b.      Defendant Fairn & Swanson Holdings, Inc. ("Holdings") is a

6    Delaware corporation whose headquarters, plaintiffs are informed and

7    believe, are located in Florida.

8        c.      Defendant Simon Falic is an individual domiciled in Panama.

9        d.      Defendant Leon Falic is an individual domiciled in Florida.

10       e.      Defendant Jerome Falic is an individual domiciled in Florida.

11       2.      Plaintiffs are ignorant of the true names and capacities of DOES 1

12    through 20, inclusive, and/or are ignorant of the facts giving rise to their liability

13    and will amend this complaint once their identities have been ascertained as well as

14    the facts giving rise to their liability. These defendants were agents, servants and

15    employees of each of the other named defendants and were acting at all times

16    within the full course and scope of their agency and employment, with the full

17    knowledge and consent, either expressed or implied, of their principal and/or

18    employer and each of the other named defendants. Each of the defendants had

19    approved or ratified the actions of the other defendants, thereby making the

20    currently named defendants liable for the acts and/or omissions of their agents,

21    servants and/or employees.

22       3.      The amount in controversy is substantially in excess of $15,000,000

23    exclusive of interest and costs, as alleged herein.

24       4.      This action arises out of the breach by defendant Holdings of the

25    binding letter of intent entered into by it with plaintiffs on or about March 4, 2020.

26    (Herein, "Binding LOI," a true and correct copy of which is attached hereto and

27    marked "Exhibit 1.")  By the Binding LOI plaintiffs agree to convey to Holdings

28    80% of the stock in closely held Fairn & Swanson, Inc. ("F&S") a California

COMPLAINT FOR BREACH OF CONTRACT        Case No._____

1  Corporation, and all right, title, and interest in plaintiffs' retail real property located

2  in Imperial County, California.  (Individual defendants own the remaining 20% of

3  F&S's stock either directly or through a controlled entity.)  In return, Holdings

4  agrees to assume specified debts of F&S; to purchase the Imperial County

5  property; and to pay plaintiffs $5 million.  By the binding LOI the transaction was

6  to close on or before the end of March, 2020. The Binding LOI is to be performed

7  in California.

8       5.    Venue is proper in the Southern District of California because the real

9  property is located in Imperial County, California and such real property is a

10  substantial component of this litigation.  Among the relief sought here is the

11  specific performance of the Binding LOI requiring defendants to consummate the

12  purchase of the Imperial County, California property.

13       6.    At all times during the negotiations with defendants culminating in

14  execution of the Binding LOI, and as was well-known by defendants, and each of

15  them, F&S was in substantial financial distress and plaintiffs' 80% stock holding

16  interest was in the process of being marketed to third parties. Defendants by and

17  through Holdings agreed to the Binding LOI conditioned on all marketing efforts

18  ceasing. Upon the execution of the binding LOI plaintiffs terminated their

19  marketing efforts understanding that the binding LOI transaction would close in

20  the immediate future.

21       7.    Defendants having obtained F&S's cessation of marketing efforts and

22  being fully aware of F&S's financial distress thereupon at first insisted that the

23  purchase price provided by the Binding LOI be substantially reduced; and

24  immediately thereafter determined to simply breach the Binding LOI by refusing to

25  provide their promised performance.

26       8.    Defendants Simon Falic, Leon Falic, and Jerome Falic (referred to

27  herein jointly as "Individual Defendants") formed a special purpose corporation,

28  Holdings, for the purpose of purchasing stock holdings in F&S, including entering

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

COMPLAINT FOR BREACH OF CONTRACT    Case No._____

into the Binding LOI and any follow up agreements giving effect to the Binding LOI. Plaintiffs are informed and believe and based thereon allege that Holdings is undercapitalized; that it was not provided with and does not have sufficient capital to consummate the Binding LOI transaction; that its corporate separateness from Individual Defendants has not been respected; and that it would be inequitable to shield the Individual Defendants' from Holdings' liability by reason of Holdings' corporate shield.  Holdings is now and has at all relevant times been the alter ego of Individual Defendants and order of them.

9.     F&S is a closely held corporation, the stock of which has no readily available market.  F&S since 1949 has been a retailer of products in the travel and retail industries.  For example it initially supplied duty-free products to marine vessels visiting the San Francisco port and has since evolved into one of the larger wholesale and retail companies in the American duty-free and travel retail industry.  It supplies retail products to international travelers, including passengers and crew, from fishing vessels leaving the Port of Seattle for the Bering Sea, commercial freighters travelling to and from Shanghai and the Port of Los Angeles, cruise ships traveling through the Caribbean islands, as well as visitors and commuters driving to and from Mexico and Canada.  Its business is dependent upon the travel and tourist industries and by reason of the COVID-19 pandemic its business has been substantially adversely affected.

10.    Individual Defendants own and operate Duty-Free Americas, which is a major player in the tourist and travel retail market, as is F&S. Duty-Free Americas touts itself as a leading travel retailer in the Western Hemisphere offering an extensive selection of fragrances, cosmetics, wines, spirits, tobaccos, edibles, luxury leather goods, and other such goods in its 180 locations.  It is a competitor of F&S.

11.    In or about 2015, Individual Defendants acquired 20% of the stock of F&S from plaintiffs.  As a minority shareholder of F&S, Individual Defendants

COMPLAINT FOR BREACH OF CONTRACT                    Case No._____

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

were well aware of the financial viability of F&S and of its corporate decisions and actions generally.

## II.

### FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT
### (SPECIFIC PERFORMANCE)

12.     Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full.

13.     The stock of F&S is unique and essentially has no readily determinable market value by reason of F&S being a closely held corporation without a public market.  There is no adequate remedy at law to compensate plaintiffs for the breach by Holdings of the Binding LOI for the purchase of plaintiff's Imperial County, California real property and for the purchase of the 80% stock holding in F&S. Plaintiffs have performed all obligations on their part to be performed under the Binding LOI.

14.     The Binding LOI provides for a fair and equitable purchase price and terms.

## III.

### SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT
### (DAMAGES)

15.     Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full.

16.     In the event that specific performance is not available to enforce the Binding LOI, plaintiffs have suffered substantial damages as a direct and proximate result of Holdings' breach of the Binding LOI.  Such damages are measured by the terms of the Binding LOI, including Holdings' agreement to assume various debts of F&S including its debt to Wells Fargo Bank in excess of

COMPLAINT FOR BREACH OF CONTRACT                    Case No._____

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1   $10 million and to pay an additional $5 million as provided by the Binding LOI.

2                                            **IV.**

3                     **THIRD CAUSE OF ACTION FOR FRAUD**

4          17.    Plaintiffs reallege all prior paragraphs of this complaint and

5   incorporate the same herein by this reference as if those paragraphs were set forth

6   in full.

7          18.    Defendant Leon Falic, on behalf of his brothers Simon and Jerome

8   and with their full knowledge and agreement, undertook commencing in or about

9   November, 2019 to cause plaintiffs to cease-and-desist from their attempt to

10  market their 80% stock holding in F&S with full knowledge of the dire financial

11  condition of F&S. Leon Falic, on behalf of Simon and Jerome and as their agent,

12  time and again promised to consummate the purchase of plaintiffs' 80% stock

13  holdings in F&S and the Imperial County property but insisted that plaintiffs cease

14  marketing their F&S stock holdings.  Plaintiffs recurrently insisted upon a binding

15  contract before they would terminate their marketing efforts, and were first met

16  with resistance by Leon Falic.  Ultimately, in or about early-March 2020 Leon

17  Falic, on behalf of Simon and Jerome, agreed to enter into the Binding LOI thereby

18  committing to closing the transaction on the terms set forth in the Binding LOI.

19         19.    As a result, plaintiffs discontinued their marketing effort of F&S stock

20  and focused on closing the transaction provided for by the Binding LOI.

21  Defendants, however, having now succeeded in having such marketing terminated

22  demanded plaintiffs agree to substantially revise the terms of the Binding LOI to

23  defendants' substantial advantage and plaintiffs' substantial disadvantage; and

24  soon thereafter determined to simply breach the Binding LOI and refuse to close

25  the transaction.

26         20.    Plaintiffs are informed and believe and allege thereon that defendants

27  when they entered into the Binding LOI had no intention of consummating the

28  transaction.  Rather their intention was to place F&S in an untenable financial

-7-

COMPLAINT FOR BREACH OF CONTRACT                    Case No._____

1  situation where it now needs the Binding LOI transaction to close and has no
2  viable option.  Defendants intended to then demand substantial changes to the
3  Binding LOI which they in fact demanded.  Defendants then changed course to
4  simply refuse to close the transaction provided by the Binding LOI.

5      21.   As was intended by defendants, and in fact occurred, there was
6  insufficient time for F&S to re-undertake marketing efforts to salvage F&S;
7  allowing defendants to simply wait until the devastating effects of the crashing of
8  the travel and tourist industry brought about the devaluation of F&S.  Such would
9  enable defendants to acquire for de minimis consideration the remnants of F&S;
10 and eliminate a competitor.

11     22.   As a direct and proximate result of the foregoing, plaintiffs have been
12 damaged in an amount to be established at trial.

13     23.   Defendants, and each of them, have been guilty of oppression, fraud,
14 and malice, and plaintiffs, in addition to their actual damages, are entitled to
15 recover damages for the sake of example and by way of punishing defendants, and
16 each of them.

17

18     WHEREFORE, plaintiffs pray that judgment be entered as follows:

19     A.    The corporate shield of Holdings be set aside and individual
20 defendants, and each of them, be held responsible and liable for the performance of
21 the duties and obligations of Holdings.

22     B.    Regarding the first cause of action, that specific performance be
23 ordered that Holdings perform each and every one of its obligations provided for
24 by the Binding LOI.

25     C.    Regarding the second cause of action, in the alternative to the first
26 cause of action, that judgment be entered awarding plaintiffs damages by reason of
27 the breach by Holdings of the Binding LOI.

28     D.    That Individual Defendants, and each of them, be concluded to have

COMPLAINT FOR BREACH OF CONTRACT              Case No._____

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1    committed fraud and be ordered to pay to plaintiffs damages according to proof.

2        E.    That plaintiff be awarded punitive damages against defendants and

3    each of them in an amount according to proof.

4        F.    That plaintiffs be awarded their attorneys' fees and their costs of suit

5    incurred herein.

6        G.    That this Court order such additional relief to plaintiffs as it may

7    determine to be just and proper.

8

9    Dated:  May 8, 2020                    GORDON REES SCULLY
10                                           MANSUKHANI, LLP

11                                           By:   s/Charles Berwanger
12                                           Charles V. Berwanger
                                             Andrea K. Scripps
13                                           Attorneys for Plaintiffs,
                                             NICOLE UHLIG AND MICHELLE
14                                           STOLDT, AS TRUSTEES OF (1) THE
                                             SURVIVOR'S TRUST ESTABLISHED
15                                           UNDER THE WOLFGANG AND ELKE
                                             UHLIG REVOCABLE LIVING TRUST
16                                           U/A/D APRIL 16, 1998; (2) THE
17                                           MARITAL GST NON-EXEMPT TRUST
                                             ESTABLISHED UNDER THE
18                                           WOLFGANG AND ELKE UHLIG
19                                           REVOCABLE LIVING TRUST U/A/D
                                             APRIL 16, 1998, AS AMENDED; (3) THE
20                                           MARITAL GST EXEMPT TRUST
21                                           ESTABLISHED UNDER THE
                                             WOLFGANG AND ELKE UHLIG
22                                           REVOCABLE LIVING TRUST U/A/D
23                                           APRIL 16, 1998, AS AMENDED; AND (4)
24                                           THE BYPASS TRUST ESTABLISHED
                                             UNDER THE WOLFGANG AND ELKE
25                                           UHLIG REVOCABLE LIVING TRUST
26                                           U/A/D APRIL 16, 1998, AS AMENDED
27

28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-9-

COMPLAINT FOR BREACH OF CONTRACT                    Case No._____